**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Elmer Dean ALLISON, Defendant–Appellant.**

**No. 90–8686.**

United States Court of Appeals, Fifth Circuit.

March 12, 1993.

Linda Gassaway, Waco, TX (court-appointed), for defendant-appellant.

LeRoy M. Jahn, Asst. U.S. Atty., Ronald F. Ederer, U.S. Atty., San Antonio, TX, Mark L. Frazier, Asst. U.S. Atty., Waco, TX, for plaintiff-appellee.

**ORDER ON REHEARING**

(Opinion January 30, 1992, 5th Cir.1992, 953 F.2d 870)

Before JONES, Circuit Judge and PARKER, District Judge.[1,2]

ORDER:

On the court's own motion, and after receiving briefs from the parties, the decision rendered on January 30, 1992 is amended to revise only the discussion of supervised release and our judgment pertaining thereto as follows:

### SUPERVISED RELEASE

The next question raised for our review is, did the Trial Court err in imposing a term of supervised release for use of a firearm during a felony? The Presentence Report advised the Court in two different places that supervised release was not available on Count Three. The Appellant originally took the position that the term of supervised release is not allowed because the punishment provisions of 18 U.S.C. § 924 do not mention supervised release. However our inquiry does not end with § 924. Possession of a firearm during a drug trafficking crime is punishable by imprisonment for five years. 18 U.S.C. § 924. An offense punishable by imprisonment for five or more years, but less than ten years is classified as a Class D felony. 18 U.S.C. § 3559. The Court may include as a part of the sentence for a Class D felony that the defendant be placed on a term of supervised release after imprisonment for not more than three years. 18 U.S.C. § 3583. *See United States v. Van Nymegen*, 910 F.2d 164 (5th Cir.1990). The Appellant conceded on rehearing that supervised release is available for convictions under 18 U.S.C. § 924.

However, the Appellant now characterizes the imposition of a term of supervised release as an upward adjustment and departure from the Presentence Report statements. Before a district court can depart upward from the guideline provisions on a ground not identified as a ground for upward departure either in the presentence report or in a prehearing submission by the Government, Federal Rule of Criminal Procedure 32 requires that the district court give the parties reasonable notice that it is contemplating such a ruling. *U.S. v. Otero*, 868 F.2d 1412, 1415 (5th Cir.1989). Appellant argues that he was denied notice and opportunity to be heard on the issue of supervised release on Count Three, which requires this Court to reverse that portion of the sentence and remand for sentencing. We find no merit in that argument. The guidelines require the imposition of a term of supervised release when a sentence of imprisonment of more than one year is imposed. U.S.S.G. § 5D1.1(a). *Failure* to impose it would have been a departure from the guidelines.

Rule 32 contemplates that the court may base its sentencing decisions on matters not included in the presentence report, as long as Appellant's right to notice and opportunity to be heard are not violated. Appellant had notice in the established law that the guidelines required a term of supervised release, and the range was a term up to three years. The Court afforded Appellant the opportunity to address the court prior to imposing a sentence. The Probation officer's erroneous statement in the presentence report that supervised release was not available did not serve to deny Appellant his right to comment on the Court's exercise of discretion.

For these reasons, we find no error in the imposition of a term of supervised release on Count Three.

The judgment shall be corrected to affirm the trial court's imposition of supervised release on Count Three.

---

1. District Judge of the Eastern District of Texas, sitting by designation.

2. Chief Judge Clark was a member of the original panel but resigned from the court on January 15, 1992 and therefore did not participate in this decision.