999 F.2d 541
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Keith Alan TERRY, Defendant-Appellant
 No. 92-4012.
 United States Court of Appeals, Sixth Circuit.
 July 23, 1993.
 
 Before KENNEDY and MARTIN, Circuit Judges; and WISEMAN, District Judge.[1]
 PER CURIAM.
 
 
 1
 Defendant appeals his conviction of one count of mail fraud and three counts of bankruptcy fraud, raising numerous issues. We find no merit to any of them and affirm.
 
 
 2
 Defendant and one Myles Creed, using the name U.S.A. Financial Services (USAFS), offered to stop prospective clients' impending foreclosure sales of their homes. Each count related to separate properties. Defendant accepted money from three of the homeowner victims, and then shortly before the foreclosure sales proposed they file for bankruptcy which would be dismissed later. They did so. Defendant prepared bankruptcy papers for the victims which contained false information. The mail fraud count related to the solicitation to provide services to another homeowner. Defendant accepted money from the homeowners but did nothing to prevent foreclosure except the improper bankruptcy proceedings.
 
 
 3
 The mail fraud was described in Count 1 which was dismissed as to defendant since only co-defendant Creed was involved in that particular mailing. Counts 2 and 3 were dismissed as to defendant for the same reason. Counts 2, 3 and 4, the latter of which defendant was convicted, expressly incorporated the allegations of Count 1 and each charged a separate mailing. Defendant argues that when Count 1 was dismissed as to him the indictment no longer charged him with a crime since the allegations of Count 4, without the incorporation of Count 1, did not describe the scheme and hence did not charge a crime. We reject defendant's argument. Dismissal of a count does not wipe out the express references to it in subsequent counts. Parker v. U.S., 252 F.2d 680 (6th Cir1958), cert. denied 356 U.S. 964 (1958); United States v. Bowcott, 170 F.2d 173 (7th Cir.1948), cert. denied, 335 U.S. 911 (1949).
 
 
 4
 Defendant also raises a challenge to the sufficiency of the evidence of mailing in regard to Count 4. Viewed in the light most favorable to the government, we believe it was sufficient. The evidence of defendant's participation in the scheme was also sufficient.
 
 
 5
 Defendant next asserts error in the court's answer to the jury's question of whether a home mail box is an authorized depository for mail. The instructions as a whole correctly defined the mailing requirements. Defendant argues that he could have deposited the letter by hand in the home mail box and the court's answer to the jury's question would have permitted the jury to find him guilty of mail fraud even if the letter had never been mailed. Defendant, who testified, never claimed that he had hand-deposited this letter. He did not request any further instruction or any specific response to the jury's question. Any error was harmless in view of the thorough instructions given to the jury initially.
 
 
 6
 A review of the record discloses ample evidence that defendant was guilty of causing or aiding and abetting the making of false statements in the bankruptcy petitions. There was no error in permitting Sharon Sigel to testify that she too had given defendant money to stop foreclosure and was presented by defendant with a petition for bankruptcy to file but had refused to file it because it was false. This evidence was admissible under Rule 404(b) of the Federal Rules of Evidence. It was substantially similar and near in time. It was very probative of plan, as well as intent, motive and knowledge, etc.
 
 
 7
 Finally, defendant argues that the Bankruptcy Court was the only victim of the bankruptcy frauds and that the court was not authorized to order restitution paid to the homeowner victims who filed for bankruptcy. We disagree. By filing the petitions just before foreclosure, defendant was able to prolong the scheme and seek more money. The homeowners were also victims of the scheme and of the improper bankruptcy filings together with the bankruptcy court.
 
 
 8
 For the aforementioned reasons, we AFFIRM the decision of the District Court.
 
 
 
 [1]
 Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation