**UNITED STATES of America, Appellee,**

v.

**Jackie Neal WATKINS, Appellant.**

No. 93–2395.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 29, 1993.

Decided Jan. 24, 1994.

Michael Baker, Springfield, MO, for appellant.

David P. Rush, Asst. U.S. Atty., Springfield, MO, for appellee.

Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

McMILLIAN, Circuit Judge.

Jackie Neal Watkins appeals from his 60–month sentence entered in the District Court[1] for the Western District of Missouri. For the reasons discussed below, we affirm.

Pursuant to an oral plea agreement, Watkins agreed to enter an *Alford* plea to one count of using a firearm in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c), in exchange for the dismissal of two other drug counts at sentencing. At sentencing, Watkins objected to the assessment of any term of supervised release, contending that, under *United States v. Allison*, 953 F.2d 870 (5th Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 2319, 119 L.Ed.2d 238 (1992), any term in excess of the maximum five-year term of imprisonment was illegal because § 924(c) did not provide for supervised release. The district court, stating that the Guidelines required a period of supervised release, sentenced Watkins to five years imprisonment, followed by two years of supervised release, and imposed a $50 special assessment.

On appeal, Watkins argues that § 924(c) mandates a maximum five-year term of imprisonment, and thus, any term of supervised release which could result in additional imprisonment under 18 U.S.C. § 3583(e)(3) is illegal. We disagree.

Section 3583(a) empowers courts to "include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment." *See also* U.S.S.G. § 5D1.1. Authorizing the imposition of supervised release "as part of the sentence," as opposed to "as a part of the incarceration," implies that a term of supervised release is "to be imposed in addition to

any incarceration authorized by a particular substantive criminal statute." *United States v. Montenegro–Rojo,* 908 F.2d 425, 432 (9th Cir.1990). In addition, the Fifth Circuit has modified its *Allison* decision, and now also recognizes that, although § 924 does not mention supervised release, § 3583 expressly authorizes it. *United States v. Allison,* 986 F.2d 896, 897 (5th Cir.1993) (order).

Because the offense Watkins committed is a Class D felony, 18 U.S.C. § 3559(a)(4), the two-year term of supervised release imposed here was within the three-year term expressly authorized by § 3583(b)(2) and U.S.S.G. § 5D1.2(b)(2). *United States v. Wangler,* 987 F.2d 228, 231 (5th Cir.1993) (per curiam).

Accordingly, we affirm Watkins's sentence.

---

1. The Honorable Russell G. Clark, Senior United States District Judge for the Western District of