**UNITED STATES of America**
**Plaintiff–Appellee,**

v.

**Joseph B. JONES, Defendant–Appellant.**

**No. 93–6179.**

United States Court of Appeals,
Sixth Circuit.

Submitted May 13, 1994.

Decided June 1, 1994.

Stuart J. Canale, Asst. U.S. Atty., Memphis, TN (briefed), for plaintiff-appellee.

Robert C. Brooks, Office of the Federal Public Defender, Memphis, TN (briefed), for defendant-appellant.

Before: RYAN and NORRIS, Circuit Judges; and KRUPANSKY, Senior Circuit Judge.

ALAN E. NORRIS, Circuit Judge.

Defendant, Joseph Jones, contends in this appeal that the district court erred when it sentenced him to a term of supervised release in connection with his violation of 18 U.S.C. § 924(c), carrying a firearm in relation to a drug trafficking offense. Defendant entered a plea of guilty to the firearms charge and the district court sentenced him to five years' imprisonment and three years of supervised release.

Defendant correctly points out that 18 U.S.C. § 924(c) does not explicitly provide for a term of supervised release.

However, possession of a firearm during a drug trafficking crime is punishable by imprisonment for five years, under 18 U.S.C. § 924(c)(1). Any offense punishable by imprisonment for five to ten years is classified as a Class D felony. 18 U.S.C. § 3559(a)(4). A district court is authorized to include in a sentence for a Class D felony a term of supervised release after imprisonment for not more than three years. 18 U.S.C. § 3583(a), (b)(2).

Several of our sister circuits have concluded that 18 U.S.C. § 3583(a) authorizes a district court to impose a term of supervised release as part of the sentence for violation of 18 U.S.C. § 924(c). *United States v. Watkins,* 14 F.3d 414, 415 (8th Cir.1994); *United States v. Allison,* 986 F.2d 896, 897 (5th Cir.1993); *United States v. Maxwell,* 966 F.2d 545, 550 (10th Cir.), *cert. denied,* ——

U.S. ——, 113 S.Ct. 826, 121 L.Ed.2d 697 (1992); *United States v. Robertson,* 901 F.2d 733, 735 (9th Cir.), *cert. denied,* 498 U.S. 962, 111 S.Ct. 395, 112 L.Ed.2d 405 (1990).

Accordingly, defendant's sentence is **AF-FIRMED.**