41 F.3d 1508
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Keith Alan TERRY, Defendant-Appellant.
 No. 94-3202.
 United States Court of Appeals, Sixth Circuit.
 Nov. 18, 1994.
 
 1
 Before: MARTIN and BOGGS, Circuit Judges, and BELL, District Judge.*
 
 ORDER
 
 2
 Keith Alan Terry appeals the order denying his motion for a new trial filed under Fed.R.Crim.P. 33. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1992, Keith Alan Terry was convicted after a jury trial of mail fraud, in violation of 18 U.S.C. Sec. 1341, and three counts of bankruptcy fraud, in violation of 18 U.S.C. Sec. 152. The district court sentenced Terry to a four-month term of imprisonment, to be followed by two and one-half years of supervised release. A panel of the Sixth Circuit affirmed Terry's conviction in all respects. United States v. Terry, No. 92-4012, 1993 WL 280528 (6th Cir. July 23, 1993) (per curiam).
 
 
 4
 Terry subsequently began filing a series of motions for a new trial under Fed.R.Crim.P. 33. The first two were summarily denied without a subsequent appeal. The third motion was also denied by margin entry, and Terry filed a notice of appeal from this decision. The parties have briefed the issues; Terry is proceeding without benefit of counsel.
 
 
 5
 Terry's motion for a new trial is apparently based on "newly discovered evidence." The record and law completely support the district court's decision to deny the motion on this basis. In addition, the motion is patently out of time if it is construed as resting on any other basis.
 
 
 6
 Terry was convicted for his part in a fraudulent scheme to manipulate bankruptcy law in order to prevent impending foreclosure sales of the homes of his "clients." Terry and his confederate accepted money from homeowners facing foreclosure and then assisted them in filing bankruptcy proceedings to be dismissed at a later time. In the course of his criminal trial, several individuals testified as to the factual circumstances surrounding their initial contacts with Terry and the subsequent transactions. On appeal, this court found there was sufficient evidence to affirm Terry's conviction for mail fraud and that there was "ample evidence" of Terry's guilt in connection with the making of false statements on the various bankruptcy petitions.
 
 
 7
 Terry filed three motions for a new trial after this court affirmed his conviction in all respects. The first two were said to contain "newly discovered evidence," were largely attempts to reargue evidence and witness credibility, and were summarily dismissed. Terry did not appeal from the decisions to deny these motions. The third motion, although styled as a "Motion for Reversal of Verdict and Dismissal of Sentence," also sets forth Terry's version of "newly discovered evidence." This motion is, in fact, another attempt to impeach witnesses and reargue the sufficiency of the case against Terry. This motion was filed months after the original decision in this case. The district court again summarily denied the motion by margin entry and Terry took the present appeal.
 
 
 8
 The motion in question in this appeal is clearly another motion for a new trial, regardless of the label Terry placed on it. One moving for a new trial under Fed.R.Crim.P. 33 bears the burden of demonstrating the need for a new trial and such motions will be granted only sparingly. United States v. Seago, 930 F.2d 482, 488 (6th Cir.1991). This court will not disturb a district court's decision to grant or deny a motion for new trial absent an abuse of discretion. Id. A Rule 33 motion based on any ground other than "newly discovered evidence" must be filed within seven days of the verdict. The instant motion was filed well beyond the seven-day period and does, in fact, purport to be based on "newly discovered evidence." A Rule 33 motion based on "newly discovered evidence" will not be granted unless the movant establishes that: 1) the new evidence was discovered after trial; 2) the evidence could not have been discovered earlier with due diligence; 3) the evidence is material and not merely cumulative or impeaching; and, 4) the evidence would likely produce an acquittal. United States v. O'Dell, 805 F.2d 637, 640 (6th Cir.1986), cert. denied, 484 U.S. 859 (1987).
 
 
 9
 A cursory examination of the motion reveals that it is meritless. Terry's "newly discovered evidence" is no more than his own view of the veracity of trial witnesses and their testimony. As such, it is not "new," material, or likely to produce an acquittal. In short, the evidence set forth in Terry's Rule 33 motion does not satisfy any portion of the O'Dell test. On appeal, Terry urges this court to weigh the credibility of the witnesses, and to draw a different conclusion than did the jury that heard the case originally. The law is clear, however, that this court does not sit as a "thirteenth juror" to judge the credibility of witnesses or reweigh the evidence against the convicted. United States v. Ashworth, 836 F.2d 260, 266 (6th Cir.1988). The district court did not abuse its discretion in denying the Terry's motion for new trial.
 
 
 10
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation