United States Court of Appeals,

Eleventh Circuit.

No. 94-8532

Non-Argument Calendar.

UNITED STATES of America, Plaintiff-Appellee,

v.

Carlton JENKINS, Defendant-Appellant.

Jan. 24, 1995.

Appeal from the United States District Court for the Northern District of Georgia. (1:94-CR-18-01-ODE), Orinda D. Evans, Judge.

Before KRAVITCH, ANDERSON and CARNES, Circuit Judges.

PER CURIAM:

Carlton Jenkins pled guilty to obstruction of a Deputy United States Marshal, in violation of 18 U.S.C. § 1501. [1] He was sentenced to the maximum term of imprisonment, twelve months, and an additional twelve months of supervised release. Jenkins appeals his sentence, arguing that a district court cannot impose a period of supervised release under 18 U.S.C. § 3583(a) after already imposing the maximum term of imprisonment. [2]

---

[1]18 U.S.C. § 1501 reads, in pertinent part,

> Whoever knowingly and willfully obstructs ... any officer of the United States ...; or Whoever assaults, beats, or wounds any officer ... Shall, except as otherwise provided by law, be fined not more than $300 or imprisoned not more than one year, or both.

[2]The supervised release statute, 18 U.S.C. § 3583(a), provides that,

> a court, in imposing a sentence to a term of imprisonment for a felony or misdemeanor, may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment.

Our reasoning in *United States v. West,* 898 F.2d 1493, 1504 (11th Cir.1990), suggests that a term of imprisonment and a term of supervised release must be evaluated separately to determine if a maximum sentence has been violated. In *West,* we held that a defendant's term of supervised release was an addition to his term of imprisonment and was not limited to the time of a defendant's prison sentence which remained unserved after an early release. We relied on the Senate Committee Report for 18 U.S.C. § 3583(a), which states that "[t]he term of supervised release would be a separate part of the defendant's sentence, rather than being the end of the term of imprisonment." S.Rep. No. 98-225 at 123-124, *reprinted in* 1984 U.S.Code Cong. & Admin.News, pp. 3182, 3306-07.

The circuits which have decided this issue directly have held that courts can order supervised release in addition to the maximum term of imprisonment available by statute, noting that § 3583(a) allows the district court to include supervised relief as "part of the sentence," not as part of the imprisonment. *United States v. Watkins,* 14 F.3d 414, 415 (8th Cir.1994) ("a term of supervised release is to be imposed in addition to any incarceration authorized by a particular substantive criminal statute"); *United States v. Jamison,* 934 F.2d 371, 373 (D.C.Cir.1991) ("18 U.S.C. § 3583(a) authorize[s] a period of supervised release to be imposed in addition to a maximum term of imprisonment"); *United States v. Montenegro-Rojo,* 908 F.2d 425, 432-33 (9th Cir.1990) (Section 3583(a) gives "a sentencing court the option to tack a period of supervised release onto any term of imprisonment authorized by a substantive criminal statute, even a term near or at the maximum");

*United States v. Butler,* 895 F.2d 1016, 1018 (5th Cir.1989) ("The addition of a period of supervised release ... cannot create a violation of the maximum prison sentence allowed by statute"). Other circuits have supported this result in cases upholding terms of imprisonment for violation of supervised release which caused a defendant's total term of imprisonment to exceed the maximum for the underlying offense. *United States v. Wright,* 2 F.3d 175, 179 (6th Cir.1993) ("18 U.S.C. § 3583 authorizes imposition of a term of supervised release in addition to the maximum term of imprisonment provided for ... the underlying offense"); *United States v. Dillard,* 910 F.2d 461, 466 (7th Cir.1990) ("the length of supervised release term does not bear a direct relation to the initial sentence nor to the maximum possible initial sentence").

For the foregoing reasons, we hold that the district court did not err in ordering supervised release under 18 U.S.C. 3583(a) in addition to the maximum term of imprisonment available by statute. Therefore, we AFFIRM.