97 F.3d 1452
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John Hershel TURNER, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-5023.
 United States Court of Appeals, Sixth Circuit.
 Sept. 25, 1996.
 
 Before: RYAN, SILER, and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 John Hershel Turner, proceeding pro se, appeals a district court order and judgment denying his amended motion to vacate, set aside, or correct his sentence filed under 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Turner pleaded guilty to bankruptcy fraud in violation of 18 U.S.C. § 152. He was sentenced on January 18, 1994, to 15 months in prison, three years of supervised release, and $22,791.24 restitution. On May 1, 1995, Turner was released from prison following the completion of his term of incarceration, and began serving his term of supervised release. He subsequently filed a motion seeking modification of his monthly restitution payments because of financial circumstances. The district court denied this motion as originally brought under 28 U.S.C. § 2255 and ordered it to be filed as part of his criminal case under 18 U.S.C. § 3663(g). That proceeding is not part of this case on appeal.
 
 
 3
 In August 1995, Turner filed a pleading styled "Addendum to § 2255 Proceeding," which the district court construed as an amended motion to vacate his sentence. In that pleading, Turner asserted that Congress did not authorize the imposition of a term of supervised release for a violation of 18 U.S.C. § 152 and that it was, therefore, erroneously imposed in his case. The district court rejected this theory and denied Turner's motion in an order filed and entered on November 20, 1995. A separate judgment was entered on January 2, 1996.
 
 
 4
 On appeal, Turner continues to argue that the district court erroneously sentenced him to a term of supervised release.
 
 
 5
 Upon review, we affirm the district court's judgment because the district court had the discretion to order supervised release for Turner's offense. To warrant relief under § 2255, the record must reflect a fundamental defect in the proceedings that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure. Reed v. Farley, 114 S.Ct. 2291, 2300 (1994); Gall v. United States, 21 F.3d 107, 109 (6th Cir.1994). The record in this case does not meet that standard.
 
 
 6
 Although Turner correctly states that 18 U.S.C. § 152 does not expressly mandate the imposition of a term of supervised release, the inquiry does not end there. Instead, the district court properly looked to 18 U.S.C. § 3582(a) and (b)(2) for its authority to impose supervised release in this case. The offense for which Turner was convicted calls for a maximum penalty of five years and is, therefore, a Class D felony. See 18 U.S.C. § 3559(a)(4). Thus, pursuant to 18 U.S.C. § 3582(b)(2), the district court could (and did) sentence Turner to three years of supervised release. The circumstances are analogous to those found in United States v. Jones, 24 F.3d 1544, 1545 (6th Cir.1994), in which this court upheld the imposition of a three-year term of supervised release following the defendant's conviction for a Class D felony which did not expressly mandate the imposition of supervised release.
 
 
 7
 Moreover, supervised release terms have been affirmed on appeal by this circuit and others for those found guilty of bankruptcy fraud, although the district court's authority to impose supervised release for a violation of 18 U.S.C. § 152 was not directly challenged in those cases. See, e.g., United States v. Campbell, 73 F.3d 44, 45 (5th Cir.1996) (per curiam) (one year in prison, suspended, and five years of supervised release); United States v. Anderson,68 F.3d 1050, 1053 (8th Cir.1995) (27 months in prison, three years of supervised release); United States v. Zehrbach, 47 F.3d 1252, 1260 (3d Cir.), cert. denied, 115 S.Ct. 1699 (1995) (21 months in prison, three years of supervised release and, codefendant, 10 months in prison, three years of supervised release); United States v. Terry, No. 94-3202, 1994 WL 652758, at ** 1 (6th Cir. Nov. 18, 1994) (order) (four months in prison, 2 1/2 years of supervised release). Turner argues on appeal that, because he was sentenced to only 15 months in prison instead of the maximum of five years, the district court should not have sentenced him to supervised release. However, it is evident from these cases that a defendant need not be sentenced to the maximum prison term in order to support the imposition of supervised release.
 
 
 8
 Accordingly, the district court's judgment, entered on January 2, 1996, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.