**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 98-4437

RALPH SAMUEL HERRING,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Charlottesville.
James H. Michael, Jr., Senior District Judge.
(CR-91-28)

Submitted: November 3, 1998

Decided: November 18, 1998

Before ERVIN and MOTZ, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

John E. Davidson, MCGUIRE, WOODS, BATTLE & BOOTHE,
L.L.P., Charlottesville, Virginia, for Appellant. Robert P. Crouch, Jr.,
United States Attorney, Donald R. Wolthuis, Assistant United States
Attorney, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Ralph Samuel Herring appeals from the sentence imposed on him by the district court following revocation of Herring's supervised release. It is undisputed that the sentence imposed was calculated based on an improper characterization of the underlying offense as a Class B felony. Consequently, we vacate Herring's sentence and remand for resentencing consistent with this opinion.

Herring had served sixty months in prison for using or carrying a firearm during and in relation to a drug trafficking crime, 18 U.S.C.A. § 924(c) (West Supp. 1998), and was serving a three year term of supervised release when he tested positive for marijuana use. At his supervised release revocation hearing, the district court heard argument concerning whether the underlying offense was a Class B or a Class D felony. Under 18 U.S.C.A. § 3583(e)(3) (West Supp. 1998), the district court could impose up to three years in prison if the underlying offense was a Class B felony or up to two years in prison if the underlying offense was a Class D felony. Concluding that Herring's § 924(c) conviction qualified as a Class B felony, the district court sentenced him to twenty-seven months in prison. On appeal, both parties agree that this was incorrect.

Under 18 U.S.C. § 3559(a)(2), (4) (1996), a felony carrying a maximum sentence of twenty-five years or more is a Class B felony and a felony carrying a maximum penalty of less than ten years but five years or more is a Class D felony. Violations of § 924(c) carry a mandatory five year prison term. Thus, a § 924(c) offense constitutes a Class D felony. See United States v. Jones, 24 F.3d 1544, 1545 (6th Cir. 1994); United States v. Corey, 999 F.2d 493, 496 (10th Cir. 1993); United States v. Robertson, 901 F.2d 733, 734 (9th Cir. 1990).

Because Herring's § 924(c) conviction qualified as a Class D fel-

2

ony, the statutory maximum sentence he could receive was two years in prison. Herring's twenty-seven month sentence exceeds the statutory maximum. Consequently, we vacate the sentence and remand for resentencing consistent with this opinion.* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

_____
*This court's decision renders moot Herring's argument that his twenty-seven month sentence was unreasonable.