

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-14-2002

# USA v. Candalario

Precedential or Non-Precedential:

Docket 1-2872

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Candalario" (2002). *2002 Decisions.* Paper 179.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/179

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 01-2872
_____

UNITED STATES OF AMERICA

v.

FERNANDO CANDALARIO
aka
MUGSY

Fernando Candalario,

Appellant

_____

Appeal from the United States District Court
For the Middle District of Pennsylvania
D.C. No.: 00-cr-00091-1
District Judge: Honorable Sylvia H. Rambo
_____

Submitted Under Third Circuit LAR 34.1(a) March 5, 2002

Before: SCIRICA, ROSENN, Circuit Judges, and WARD, District Judge.

(Filed March 12, 2002)
_____

OPINION
_____

ROSENN, Circuit Judge.
    Pursuant to a plea agreement in the United States District Court for the Middle
District of Pennsylvania, the defendant, Fernando Candalario, pled guilty to conspiring to
cause interstate travel in aid of drug trafficking, a violation of 18 U.S.C. 371 and to a
separate count of interstate drug travel in aid of drug trafficking in violation of 18 U.S.C.
 1952. The pre-sentence investigation report disclosed a prior criminal record on the
part of the defendant and the use of dangerous weapons in the commission of the offense.
The defendant at sentencing objected to an enhancement of his sentence on these grounds.

The District Court rejected the defendant's objections. It found that under the Sentencing Guidelines, defendant's base offense level should be increased two levels pursuant to U.S.S.G. 2D1.1(b)(1) based on defendant's use of dangerous weapons in the commission of the offense.

Considering the quantities of heroin and crack cocaine for which the defendant was responsible for distributing and the possession of dangerous weapons in the distribution, reduced by three levels for acceptance of responsibility, defendant's total offense level amounted to 39. His extensive criminal record placed him in a category of V, resulting in a criminal history of V. This brought him a guideline imprisonment range of 360 months to life. However, the statutory maximum sentence for the two offenses is 10 years or 120 months. The District Court, accordingly, sentenced the defendant to ten years' imprisonment consisting of two consecutive five-year statutory terms, three years' supervised release, a $1000 fine, and a $200 special assessment. The defendant timely appealed. We affirm.

On appeal, the defendant contends that the District Court erred in adding two points to the defendant's base offense level under the sentencing guidelines based on a determination that dangerous weapons were used by the defendant. He also contends that the Court erred in imposing three years' supervised release after the court had already sentenced the defendant to the maximum sentence allowed for the underlying charges.

According to the pre-sentence report, the defendant and his brother, Mario, operated an extensive heroin trafficking business in Lancaster and York counties throughout 1999. They also brokered transactions in crack cocaine, distributing crack that they received from Philadelphia and elsewhere. They also engaged in direct drug sales and employed as many as six "runners." Undercover investigators and buys of crack cocaine and heroin confirmed the existence of a broad heroin ring that the defendant supervised. The investigators were also informed that the defendant and his brother, Mario, were very violent and were known to carry knives and handguns.

Although the two-level enhancement under the Sentencing Guidelines would have

no effect on the 120-month statutory maximum limit, the defendant requests that we direct the District Court to re-sentence him because the enhancement would prevent him from obtaining drug treatment while in prison. He wants that drug treatment. He also argues that the Government did not prove that he possessed dangerous weapons in connection with his drug activities. However, in addition to the information regarding the defendant's use of guns that was furnished to investigators, the defendant implicitly admitted in his phone conversation with the Probation Officer prior to his sentencing that he did use guns. The Probation Officer inquired of the defendant about his use of guns, to which he responded: "that goes with the territory." Moreover, the Government seized a gun from a co-conspirator, who informed the investigators that the defendant carried knives and handguns.

There was also credible evidence that the defendant had stabbed a customer who owed him drug money. He was charged with that offense but the victim withdrew the charge in exchange for heroin and a sum of money. The defendant admitted his inclination for violence but attributed it to his frequent smoking of "blunts" marijuana-packed cigars soaked in formaldehyde. The defendant's admissions and other evidence adequately support the District Court's two-level enhancement.

As for the imposition of supervised release, the defendant contends that this requirement after he has served the maximum sentence is unfair and improper. We think not. First, the defendant acknowledges that the plea agreement informed him that he would be subject to a period of supervised release and that it would be in addition to a sentence of imprisonment. The imposition of supervised release is neither unfair nor improper. Supervision assists the defendant in complying with the law upon his release and may result in additional incarceration only if he commits another offense or is recalcitrant in complying with the terms of his supervised release. As for its propriety, 18 U.S.C.  3583 authorizes the imposition of supervised release in addition to the maximum term of imprisonment provided for in the prohibition of the underlying offense. United States v. Jenkins, 42 F.3d 1370, 1371 (11th Cir. 1995).

Accordingly, the judgment of conviction and sentence is affirmed.

TO THE CLERK:

Please file the foregoing opinion.

                              /s/Max Rosenn
                              Circuit Judge