# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3402

_____

United States of America,                    *
                                             *
    Plaintiff - Appellee,                    *
                                             *  Appeal from the United States
v.                                           *  District Court for the Northern
                                             *  District of Iowa.
Timothy Lawan Postley,                       *
                                             *
    Defendant - Appellant.                   *

_____

Submitted: March 13, 2006
Filed: June 6, 2006

_____

Before ARNOLD, JOHN R. GIBSON, and SMITH, Circuit Judges.

_____

JOHN R. GIBSON, Circuit Judge.

    Timothy Postley appeals the sentence imposed upon him following his conviction on a conditional guilty plea to one count of possession of 50 grams or more of cocaine base with intent to distribute. 21 U.S.C. § 841. Postley was sentenced to 156 months' imprisonment and five years' supervised release. He contends that he should not have been assessed a criminal history point for an earlier conviction in Iowa for interference with official acts with injury, Iowa Code § 719, and that the

imposition of the term of supervised release violates 18 U.S.C. § 3559. We affirm the sentence imposed by the district court.[1]

Postley contends that his 1999 conviction for interference with official acts with injury under Iowa Code § 719.1 should not have been counted as a criminal history point under U.S.S.G. § 4A1.2(c)(1). We review a district court's interpretation of the Sentencing Guidelines de novo and its application of the Guidelines to the facts for clear error. United States v. Borer, 412 F.3d 987, 991-92 (8th Cir. 2005). Section 4A1.2(c) governs which prior sentences are counted as criminal history points. The first sentence of the section states flatly: "Sentences for all felony offenses are counted." The section continues on to discuss which misdemeanor sentences are counted. Postley argues that his conviction of interference with official acts with injury is similar to the misdemeanor of "resisting arrest," which the section says should not always be counted.

We need not decide whether interference with official acts with injury is similar to or distinguishable from resisting arrest because in any case it is a felony under the Sentencing Guidelines. Iowa Code § 719.1 provides that interference with official acts with injury is an aggravated misdemeanor. The punishment for aggravated misdemeanors under Iowa law is imprisonment for up to two years. Iowa Code § 903.1. Although the crime is called an "aggravated misdemeanor" under Iowa law, under the federal Sentencing Guidelines, it falls within the definition of a felony. U.S.S.G. § 4A1.2(o) ("For the purposes of § 4A1.2(c), a 'felony offense' means any federal, state, or local offense punishable by death or a term of imprisonment exceeding one year, regardless of the actual sentence imposed."); United States v. Jenkins, 989 F.2d 979, 979 (8th Cir. 1993) (state's characterization of offense as

---

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

"infraction" not determinative on whether it counts as a criminal history point). Therefore, the Iowa sentence must be counted as a criminal history point.

Postley raises a complex of arguments, all attempting to show that the district court erred in denying his motion to dismiss the indictment on the ground that 21 U.S.C. § 841(b) violates various federal statutory and constitutional provisions by authorizing a term of supervised release as part of the sentence. We review de novo the district court's denial of a motion to dismiss the indictment. United States v. Two Eagle, 318 F.3d 785, 793 (8th Cir. 2003).

The statute under which Postley was convicted, 21 U.S.C. § 841, provides that possessing 50 grams of cocaine base with intent to distribute carries a penalty of imprisonment of ten years to life, plus a fine, plus a term of supervised release of at least five years. Postley argues that § 841 violates 18 U.S.C. § 3559(b), of which the relevant part provides :

> [A]n offense classified under subsection (a) carries all the incidents assigned to the applicable letter designation [of subsection (a), which classifies felonies and misdemeanors according to the severity of the maximum penalties attached] except that the maximum term of imprisonment is the term authorized by the law describing the offense.

Thus, § 3559 addresses only the maximum term of imprisonment; it does not address supervised release and so cannot be violated by § 841(b)'s authorization of a term of supervised release. Further, § 3559 states that the maximum term of imprisonment is governed by the law describing the offense--here, § 841(b). Postley argues that by authorizing a sentence of a term of years plus five years of supervised release, § 841(b) authorizes a sentence in excess of what it authorizes. Postley's argument is illogical.

Nor does Postley's argument improve upon practical application. First, under § 841(b), the maximum term of imprisonment for possessing 50 grams of cocaine base with intent to distribute would be imprisonment for life, as provided by the law describing the offense. A term of imprisonment for years followed by a term of supervised release does not exceed a term of imprisonment for life. United States v. Pollard, 249 F.3d 738, 739 (8th Cir. 2001) (per curiam). Second, the statutory authorization for a term of supervised release is distinct from the authorization for a prison term, so the supervised release term does not have to come out of the maximum prison sentence. United States v. Work, 409 F.3d 484, 489 (1st Cir. 2005) ("The supervised release period is an independent element of the sentence. It is not carved out of the maximum permissible time allotted for incarceration under some other criminal statute."). Even where the substantive statute describing the crime authorizes only imprisonment, supervised release may nevertheless be authorized by 18 U.S.C. § 3583 in addition to the maximum prison term. United States v. Engelhorn, 122 F.3d 508, 510 (8th Cir. 1997) ("[T]he total time involved in a term of imprisonment and supervised release may exceed the maximum term of incarceration authorized by the substantive federal statute under which a defendant is convicted."); United States v. Watkins, 14 F.3d 414, 415 (8th Cir. 1994) (supervised release term properly imposed in addition to statutory maximum term of imprisonment); United States v. Colt, 126 F.3d 981, 982-83 (7th Cir. 1997) (defendant who had served seven months in prison was properly sentenced to additional nine months upon revocation of supervised release, even though substantive statute creating crime only authorized one-year prison term). Postley's argument is far weaker than that rejected in Watkins and Colt because his crime was defined by section 841, which authorizes both a term of imprisonment and a term of supervised release.

Postley makes a related argument that 18 U.S.C. § 3583 only authorizes supervised release as a component of the maximum term of imprisonment. This argument has been rejected generally, see Engelhorn, 122 F.3d at 510; Watkins, 14 F.3d at 415; Colt, 126 F.3d at 983, and even if it were a tenable reading of § 3583,

Postley's particular crime is governed by § 841(b), which requires both imprisonment and supervised release and dictates separate terms for each. The argument fails.

Postley relies on <u>Bifulco v. United States</u>, 447 U.S. 381 (1980), but it defeats, rather than bolsters his argument, because it concludes that an earlier version of the drug conspiracy statute, 21 U.S.C. § 846, failed to authorize a special parole term because it did not specifically authorize it, in contrast to the earlier version of § 841, which did specifically authorize such a term. Postley was convicted under § 841, not the conspiracy statute.

Finally, Postley argues, "Section 841(b)'s imposition of an additional term of imprisonment by way of supervised release increases the maximum penalty without such being in the indictment or submitted to the jury. As such, § 841 is unconstitutional." He cites <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), and <u>United States v. Booker</u>, 543 U.S. 220 (2005). As is apparent from the argument above, the imposition of the term of supervised release was within the statutory maximum penalty, not in excess of it. Postley's argument is not valid.

We affirm the sentence imposed by the district court.

_____