

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-11-2007

# Kirksey v. Samuels

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4733

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Kirksey v. Samuels" (2007). *2007 Decisions.* Paper 963.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/963

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-227                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-4733
_____

ANTHONY KIRKSEY,
                                    Appellant

v.

CHARLES E. SAMUELS

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 06-cv-0477)
District Judge:  Honorable Robert B. Kugler
_____

Submitted For Possible Summary Action
Under Third Circuit L.A.R. 27.4 and I.O.P. 10.6
May 10, 2007

Before:  RENDELL, SMITH AND JORDAN, CIRCUIT JUDGES

(Filed: June 11, 2007 )
_____

OPINION
_____

PER CURIAM

        Anthony Kirksey appeals from the District Court's order dismissing his petition for

a writ of habeas corpus under 28 U.S.C. § 2241.  Because Kirksey's appeal presents no

substantial question, we will grant the Government's motion for summary affirmance.

In 2002, Kirksey was convicted in the United States District Court for the Eastern District of Michigan of possession with intent to distribute more than 500 grams of cocaine. He was sentenced to 137 months' imprisonment and eight years of supervised release. He is currently serving his sentence at the Federal Correctional Institution at Fort Dix, New Jersey. Although he did not file a direct appeal, Kirksey filed a motion to vacate, correct, or set aside his sentence under 28 U.S.C. § 2255. The motion was denied.

Kirksey filed this petition for habeas corpus in the United States District Court for the District of New Jersey, challenging the BOP's computation of the beginning of his term of supervised release. Kirksey argued that the maximum sentence authorized by the United States Sentencing Guidelines was 137 months' imprisonment and, thus, the imposition of eight years' supervised release amounted to double jeopardy in violation of the Fifth Amendment. He also argued that the imposition of supervised release after his custodial sentence violated 18 U.S.C. § 3583(a), which allows a term of supervised release to be imposed only as "part of the sentence." Kirksey claimed that in his case, the supervised release term did not serve as part of the sentence, which was 137 months' imprisonment, but as an additional sentence. In response to the Government's motion to dismiss, Kirksey amended his petition to claim that he was merely objecting to the Bureau of Prisons' calculation of his sentence rather than its validity.

The District Court dismissed Kirksey's petition for lack of jurisdiction. The District Court found that Kirksey was attempting to challenge the validity of his sentence

2

and, therefore, needed to file a § 2255 motion in the Eastern District of Michigan. Kirksey filed a motion to amend or alter the judgment under FED. R. CIV. P. 59(e), which was denied. He then appealed. We will affirm.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of a District Court's decision to dismiss a § 2241 petition is plenary. See Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). We may affirm the District Court on any ground supported by the record. Tourscher v. McCullough, 184 F.3d 236, 239 (3d Cir. 1999).

Generally, a challenge to the validity of a federal conviction or sentence must be brought in a § 2255 motion. See Davis v. United States, 417 U.S. 333, 343 (1974). The "savings clause" of § 2255 provides that a federal prisoner may proceed under § 2241 only if the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention. See § 2255; In re Dorsainvil, 119 F.3d 245, 249-51 (3d Cir. 1997). "A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his claims." Cradle, 290 F.3d at 538. The fact that a petitioner has previously been denied relief, cannot meet the requirements for filing a second or successive § 2255 motion, or is unable to comply with § 2255's statute of limitation, is insufficient to justify proceeding under § 2241. Id.

Kirksey's claim is a thinly disguised attack on the validity of his sentence and he provides no argument why § 2255 is inadequate or ineffective. Kirksey could have raised

3

this claim either on direct appeal or in his previous § 2255 motion. To the extent that Kirksey is challenging the administration of his sentence, his arguments are without merit. <u>See</u> <u>United States v. Jenkins</u>, 42 F.3d 1370, 1371 (11th Cir.1995).

In short, upon consideration of Kirksey's petition and "Motion Opposing Summary Action," we conclude that his appeal presents us with no substantial question. <u>See</u> Third Circuit L.A.R. 27.4 and I.O.P. 10.6. Accordingly, we grant the Government's motion for summary affirmance and will affirm the District Court's order.