NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4440
_____

UNITED STATES OF AMERICA

v.

GEORGE SEPERO,
                                  Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 1-12-cr-00450-001)
District Judge:  Hon. Jerome B. Simandle
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 19, 2015

Before:   SMITH, JORDAN, and SLOVITER, *Circuit Judges*.

(Filed: March 24, 2015)
_____

OPINION*
_____

JORDAN, *Circuit Judge*.

George Sepero appeals the judgment of conviction and sentence imposed by the

United States District Court for the District of New Jersey, and his attorney moves to

_____

    * This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

withdraw as counsel pursuant to *Anders v. California*, 386 U.S. 738 (1967). For the reasons that follow, we will grant the motion to withdraw and affirm the District Court's judgment and sentence.

## I.     Background

Sepero pled guilty to a three-count Superseding Information charging him with conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 (Count I), wire fraud in violation of 18 U.S.C. § 1343 (Count II), and tax evasion in violation of 26 U.S.C. § 7201 (Count III). As part of the plea agreement, the parties stipulated to a total offense level of 24. The District Court conducted a comprehensive plea hearing, during which it assessed whether Sepero's plea was knowing and voluntary, whether there was a factual basis for the plea, and whether Sepero understood the procedures by which he would be sentenced. Thereafter, the District Court accepted Sepero's guilty plea.

The U.S. Probation Office prepared a pre-sentence investigation report ("PSR") in which it calculated a total offense level of 30 – six levels higher than the offense level stipulated in the plea agreement. The six-level difference was the result of three different calculations in the PSR. First, the PSR reflected a loss calculation on Count I that exceeded $4 million, which correlated to an 18-level increase from the base offense level. The parties had stipulated in the plea agreement to a loss of between $1 million and $2.5 million, which carried a corresponding 16-level increase over the base offense level under U.S.S.G. § 2B1.1(b)(1)(J). Second, the PSR recommended a two-level enhancement based on the number of victims identified for Count I, under U.S.S.G. § 2B1.1(b)(2)(A). And third, the PSR recommended a two-level enhancement under

2

U.S.S.G. § 2B1.1(b)(10)(C)[1] due to the use of sophisticated means in the crime alleged in Count I. Given a total offense level of 30 and a criminal history category of I, the recommendations in the PSR led to a guidelines range of 97 to 121 months imprisonment. [2]

The District Court conducted a sentencing hearing at which Sepero initially challenged the three PSR recommendations noted above. He later withdrew his objections to the latter two enhancements and conceded the facts set forth in the PSR relating to the loss amount calculations. The Court considered the sentencing factors set forth in 18 U.S.C. § 3553(a), as well as Sepero's request for a downward variance. Ultimately, the Court imposed a sentence of 100 months imprisonment, to be followed by three years of supervised release. Sepero timely filed a *pro se* notice of appeal.

## II. Discussion[3]

*Anders v. California* provides that a criminal defendant's counsel may seek to withdraw from representing the defendant on appeal if there are no nonfrivolous issues to

---

[1] The PSR incorrectly cited to U.S.S.G. § 2B1.1(b)(9)(C).

[2] In addition to the enhancements noted above, the PSR also recommended a 4-level enhancement for a violation of commodities law, under U.S.S.G § 2B1.1(b)(18)(B)(I), and a 3-level reduction for acceptance of responsibility, under U.S.S.G. §§ 3E1.1(a) and (b), thus resulting in a total offense level of 30, calculated from a base offense level of 7.

[3] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

challenge. 386 U.S. at 744; *United States v. Marvin,* 211 F.3d 778, 779 (3d Cir. 2000).

We apply a two-step review when *Anders* is invoked: first, we determine whether counsel

has "adequately fulfilled" the requirements of Local Appellate Rule 109.2(a), and,

second, we examine "whether an independent review of the record presents any

nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).

When deciding whether the first prong has been satisfied, we analyze the

adequacy of counsel's supporting brief. To be adequate, the brief must satisfactorily

establish that counsel has thoroughly examined the record in search of appealable issues

and has explained why those issues are frivolous. *Id.* Although "[c]ounsel need not raise

and reject every possible claim[,] ... at a minimum, he or she must meet the

'conscientious examination' standard set forth in *Anders.*" *Id.* If the *Anders* brief

appears adequate on its face, in the second step of our analysis we will "confine our

scrutiny to those portions of the record identified by ... [the] *Anders* brief," as well as

"those issues raised in Appellant's *pro se* brief." *Id.* at 301. Regardless of the adequacy

of the brief, we may affirm the conviction and sentence without appointing new counsel

if we find that the "frivolousness [of the appeal] is patent." *United States v. Coleman*,

575 F.3d 316, 321 (3d Cir. 2009) (internal quotation marks omitted).

### A. Adequacy of the Anders Brief

The *Anders* brief here contains an adequate examination of the potential issues for

appeal. Because Sepero entered a guilty plea, counsel focuses on three general issues in

his brief: (1) whether the District Court had jurisdiction to enter the judgment and impose

the sentence; (2) whether the guilty plea was procedurally valid and voluntary; and

4

(3) whether the District Court imposed an unreasonable sentence and abused its sentencing discretion. We are satisfied that counsel's *Anders* brief is adequate, and our examination of the record relating to the issues raised by counsel reveals no non-frivolous arguments. We therefore limit further inquiry to the issues raised by Sepero in his *pro se* brief.

### B.      Sepero's Additional Pro Se Arguments

Although Sepero raises four additional arguments, none of them has merit and therefore did not need to be presented by counsel in the *Anders* brief. Sepero first argues that his conviction and sentence should be vacated because the government breached the plea agreement. Because he did not raise this issue below, we review for plain error. *See Puckett v. United States*, 556 U.S. 129, 133-34 (2009) (stating that the plain-error test applies to an unpreserved claim that the government "failed to meet its obligations under a plea agreement"). In the plea agreement, the parties stipulated to a total loss amount between $1 million and $2.5 million. Sepero contends that the government breached the agreement in three ways: by confirming the probation officer's calculated loss amount of over $4 million in the PSR; by confirming the Court's understanding that the facts relating to the calculated loss amount in the PSR were accurate; and by failing to disclose financial records to the probation officer showing that a portion of the supposed loss amounts were actually legitimately invested.

Those arguments are meritless. The government's statements to the probation officer and the Court relating to the accuracy of the facts contained in the PSR do not amount to a breach of its agreement. In fact, despite the difference in loss amount, in all

5

communications with the probation office, the government expressly stated that it would abide by the stipulations in the plea agreement. Further, in its communications with the Court, the government stressed repeatedly its recommendation that the Court impose a sentence within the stipulated guidelines range, reflecting the lower loss amount, as opposed to the higher range recommended in the PSR. Furthermore, Sepero himself eventually agreed at the sentencing hearing that the facts relating to the loss amount calculations were correct. Thus, the government did not breach the plea agreement by also confirming the Court's understanding of the pertinent facts, nor by failing to provide records that supposedly showed a reduction in the loss amount due to legitimate investments.

Sepero's remaining arguments are similarly frivolous. He argues that the Court erred in imposing a four-level enhancement under U.S.S.G. § 2B1.1(b)(18)(B). That argument fails because, in the plea agreement, Sepero stipulated that section 2B1.1(b)(18)(B) applied and that it resulted in a four-level increase to his offense level. *United States v. Cianci*, 154 F.3d 106, 110 (3d Cir. 1998) (holding that a defendant cannot challenge an enhancement on appeal to which he stipulated in the plea agreement).

He also contends that the District Court erred in imposing a term of supervised release consecutive to his term of imprisonment. He claims that 18 U.S.C. § 3583(a) requires that any supervised release be part of the total sentence and cannot be imposed in addition to a term of imprisonment. That is simply incorrect. Courts may impose a term of supervised release in addition to a maximum term of imprisonment. *See, e.g.*, *United*

6

*States v. Jenkins*, 42 F.3d 1370, 1371 (11th Cir. 1995) (upholding a sentence ordering supervised release in addition to the maximum term of imprisonment); *United States v. Jamison*, 934 F.2d 371, 373 (D.C. Cir. 1991) (interpreting the supervised release statute, 18 U.S.C. § 3583(a), as authorizing imposition of supervised release "in addition to any authorized term of imprisonment, not by conversion of a portion thereof").

Sepero's final argument is that his constitutional rights were violated when he was arraigned before a magistrate judge without his express consent. The common practice of having a magistrate judge preside over an arraignment is, however, authorized by both statute and local rule. 28 U.S.C. § 636(b)(1)(A); Local Crim. R. 5.1(g). There is no requirement that the defendant expressly consent, where, as here, the defendant simply enters a plea of not guilty.[4] *See* Local Crim. R. 51(g) (authorizing a magistrate judge to conduct arraignments "to the extent of taking a not guilty plea …"). A magistrate judge may hear "any pretrial matter" other than eight exceptions listed in 28 U.S.C. § 636(b)(1)(A), and Congress considered post-indictment arraignments to be a "pretrial matter" within this definition. *See Gomez v. United States*, 490 U.S. 858, 869 n.16 (1989) (citing H.R. Rep. No. 94-1609, 1976 U.S.C.C.A.N. 6162); *see also Peretz v. United States*, 501 U.S. 923, 931 (1991) (distinguishing "subsidiary matters" not requiring consent); *In re Artis*, 955 F.2d 40 (4th Cir. 1992) (per curiam) (noting that "magistrate judges may act on preliminary, nondispositive matters without the consent of the parties pursuant to 28 U.S.C. § 636(b)(1)" and that such "delegation of preliminary

_____

[4] Sepero later changed his plea to guilty before the District Court, which the Court accepted after conducting a detailed plea hearing pursuant to Federal Rule of Criminal Procedure 11.

7

matters to the magistrate judge does not violate Article III"). Thus, Sepero's argument fails.

## III.    Conclusion

We will therefore grant Counsel's motion to withdraw and affirm the District Court's judgment of conviction and sentence.