[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 21-10911
Non-Argument Calendar

_____

D.C. Docket No. 1:20-cr-00095-MLB-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LASHAWN PORCHER,
a.k.a. Shawn Chambers,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 20, 2021)


Before WILLIAM PRYOR, Chief Judge, ROSENBAUM and BRANCH, Circuit Judges.

PER CURIAM:

LaShawn Porcher appeals his sentence of 11 months of imprisonment and three years of supervised release following the revocation of his supervised release. 18 U.S.C. § 3565(a)(2). Porcher argues that his sentence is substantively unreasonable. We affirm.

We review a sentence following the revocation of probation for reasonableness. *See United States v. Velasquez Velasquez*, 524 F.3d 1248, 1252 (11th Cir. 2008) (discussing supervised release); *United States v. Campbell*, 473 F.3d 1345, 1348 (11th Cir. 2007) (stating that probation and supervised release revocation proceedings are conceptually identical). As to reasonableness, we review a sentence for abuse of discretion. *United States v. Irey*, 612 F.3d 1160, 1188–89 (11th Cir. 2010) (en banc). "We will not disturb a sentence unless we are left with the definite and firm conviction that the district court committed a clear error of judgment." *Id.* at 1190 (internal quotation marks omitted).

When a defendant violates a condition of probation, the district court may revoke the sentence of probation and resentence the defendant. 18 U.S.C. § 3565(a)(2). The district court may include a term of supervised release as part of the sentence. *See United States v. Jenkins*, 42 F.3d 1370, 1371 (11th Cir. 1995). The district court must factor into its decision the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from future similar criminal conduct.

18 U.S.C. §§ 3565(a), 3553(a).

Porcher's sentence is substantively reasonable. Porcher dodged a sentence of imprisonment and received five years of probation following his pleas of guilty to conspiring to commit mail fraud, *id.* § 1349, and aiding in the preparation of 53 fraudulent tax returns, 26 U.S.C. § 7206(2), as part of a scheme to obtain unemployment insurance benefits using fictitious business entities. While on probation, Porcher tested positive for marijuana and failed to report to his probation officer three times, skipped 11 drug tests and 20 group counseling sessions, missed two individual counseling sessions and was discharged from the program, and paid no restitution for seven months. During his revocation hearing, Porcher requested another chance based on his six-month compliance with electronic monitoring and his obligations to care for his mother and to work. Despite its reservations about Porcher's sincerity, the district court postponed sentencing. And during the next five months, Porcher tested positive seven times for illegal narcotics, for which the district court had to revoke his sentence to probation. *See* 18 U.S.C. § 3565(b)(4). The district court reasonably determined that Porcher's criminal history, which included four prior convictions for fraud and theft, his pattern of violating prior sentences to probation, and his habitual drug abuse warranted a sentence of 11 months of imprisonment and three years of supervised release. *See id.* § 3553(a). We cannot say that decision amounted to an

abuse of discretion.

We **AFFIRM** Porcher's sentence.