United States Court of Appeals,

Eleventh Circuit.

No. 96-6354.

UNITED STATES of America, Plaintiff-Appellee,

v.

Michael Steve BURKE, Defendant-Appellant.

May 29, 1997.

Appeal from the United States District Court for the Middle District of Alabama. (No. Cr-M95-18-N), Charles S. Coody, Magistrate Judge.

Before BLACK, Circuit Judge, RONEY, Senior Circuit Judge, and BURNS[*], Senior District Judge.

PER CURIAM:

Military police arrested Michael Steve Burke for driving while intoxicated in the Aberdeen Proving Ground, Maryland, a place within the Special Maritime and Territorial Jurisdiction of the United States. Because there is no federal law prohibiting such conduct, he was charged under the Assimilative Crimes Act (ACA), 18 U.S.C. § 13, with violating Maryland Code Annotated [Transportation] § 21-902(a) (1995) ("Driving While Intoxicated").

Three years later, Burke pled guilty to the offense in the Middle District of Alabama. The magistrate judge sentenced him to one year in prison followed by a one-year term of supervised release. On appeal, Burke argues that the ACA limits the total number of days of his imprisonment plus supervised release to the one-year maximum term of incarceration allowed under Maryland Code Annotated [Transportation] § 27-101(k). Under the *de novo* standard

---

[*]Honorable James M. Burns, Senior U.S. District Judge for the District of Oregon, sitting by designation.

of review, *see United States v. Rojas,* 47 F.3d 1078, 1080 (11th Cir.1995), we affirm.

In *United States v. Pierce,* 75 F.3d 173, 178 (4th Cir.1996), the Fourth Circuit rejected a defendant's argument that the ACA limits the total number of days of imprisonment plus supervised release to the maximum number of days of incarceration allowed under the assimilated state law.  We find the Fourth Circuit's opinion persuasive and adopt its reasoning.

AFFIRMED.