[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

---

No. 05-14011

---

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 11, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00355 CR-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHELE RENEE CENNA,
a.k.a. Mikey,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Northern District of Georgia

---

**(May 11, 2006)**

Before DUBINA, MARCUS and PRYOR, Circuit Judges.

DUBINA, Circuit Judge:

**I.**

Appellant Michele Renee Cenna ("Cenna"), a federal prisoner, appeals her 12-month sentence followed by one year of supervised release for misdemeanor possession of marijuana and heroin, in violation of 21 U.S.C. § 844(a). Cenna argues that, in light of the Supreme Court's holding in *Johnson v. United States*, 529 U.S. 694 (2000), the district court imposed an illegal sentence in excess of the statutory maximum when it gave her the maximum term of imprisonment in addition to one year of supervised release. Cenna argues that because any imprisonment given for violating supervised release would result in a greater period of incarceration than permitted by the statute of conviction, the sentence violates the statutory maximum. For the reasons that follow, we affirm.

**II.**

We review the application of the law to a sentence *de novo*. *United States v. Robinson*, 935 F.2d 201, 203 (11th Cir. 1991). The scope of the permissibility of supervised release after a term of imprisonment is outlined in 18 U.S.C. § 3583(a)-(i). A defendant's supervised release term is a separate part of, or in addition to, the term of imprisonment authorized by the substantive statute applicable to the crime of conviction. *See id.* at § 3583(a); *United States v. Jenkins*, 42 F.3d 1370, 1371 (11th Cir. 1995). In *Jenkins*, we held that 18 U.S.C. § 3583(a) "allows the

2

district court to include supervised release as 'part of the sentence,' not as part of the imprisonment." *Id.* (citation omitted). Thus, "courts can order supervised release in addition to the maximum term of imprisonment available by statute." *Id.*; *see also United States v. Proctor*, 127 F.3d 1311, 1313 (11th Cir. 1997).

Although we have not addressed the issue since the Supreme Court decided *Johnson*, the settled law pre-*Johnson* was that a court may impose the maximum term of imprisonment under the statute of conviction and a term of supervised release, because supervised release is an independent part of a defendant's sentence. *Jenkins*, 42 F.3d at 1371.

## III.

*Johnson* interprets § 3583(e)(3) and (h), which deal not with the question of whether supervised release is permissible, but what happens once the terms of supervised release are violated and a new term of supervised release is invoked after reimprisonment. In *Johnson*, the defendant argued that the *Ex Post Facto* Clause prohibited a further term of supervised release after his reimprisonment under 18 U.S.C. § 3583(h), because Congress did not intend for that statute to apply retroactively. *Johnson*, 529 U.S. at 701. The Court agreed but also found that Johnson's term of supervised release after his reimprisonment was permitted under § 3583(e)(3). *Id.* at 704, 713. The Court stated that because doing

3

otherwise would implicate "serious constitutional questions, . . . [w]e therefore attribute postrevocation penalties to the original conviction." *Id.* at 700-01.

Cenna takes this statement to mean that because she was given her statutory maximum plus a term of supervised release, her sentence is in excess of the statutory maximum and therefore illegal. To the extent that Cenna is arguing that her sentence as it stands now is illegal, we disagree. *Johnson* did not address this issue. Other courts have found that *Johnson* did not change the well-settled rule that a term of supervised release may be imposed in addition to the statutory maximum term of imprisonment. *See, e.g., United States v. Work*, 409 F.3d 484, 489-91 (1st Cir. 2005) (citing *Johnson* while noting that "courts routinely have held that the combined sentence of years of imprisonment plus years of supervised release may exceed the statutory maximum number of years of imprisonment authorized by the substantive statute applicable to the crime of conviction"); *United States v. Hinson*, 429 F.3d 114, 115-16, 118-19 (5th Cir. 2005).

**IV.**

Cenna argues that her sentence is illegal because "[i]f her supervised release is violated, no additional prison time could be imposed." She has not pointed to any case from any circuit that supports her argument that the reasoning in *Johnson* mandates a finding that her sentence is illegal, and we decline to adopt her

4

position.  *See United States v. Wirth*, 250 F.3d 165, 170 n.3 (2d Cir. 2001) ("Nothing in the *Johnson* Court's retroactivity discussion compels us to depart from the well-settled rule that punishment for a violation of supervised release, when combined with punishment for the original offense, may exceed the statutory maximum for the underlying substantive offense.").  Moreover, § 3583(e)(2) and § 3583(e)(4) contemplate that reimprisonment is not the only possible punishment for violation of post-release supervision.  Specifically, the district court may "extend a term of supervised release," § 3583(e)(2), and/or "order the defendant to remain at his place of residence during nonworking hours," § 3583(e)(4).

For the above-stated reasons, we affirm Cenna's sentence.

**AFFIRMED.**