[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Dec. 16, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-12788
Non-Argument Calendar

_____

D. C. Docket No. 03-00126-CR-3-LAC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONALD G. ENGLISH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(December 16, 2009)

Before BIRCH, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Donald English, a federal prisoner, appeals his sentence of 24 months of

imprisonment for violating the terms of his supervised release. This case presents an issue of first impression in our circuit – whether a defendant, who was convicted under the Assimilative Crimes Act ("ACA"), 18 U.S.C. § 13, and who has served the state statutory maximum term of incarceration, may be sentenced to further imprisonment upon revocation of his supervised release. English was convicted under the ACA of a felony driving under the influence ("DUI"). Because he already served Florida's statutory maximum of five years in prison, he contends that the ACA's "like punishment" clause prohibited the court from sentencing him to an additional 24 months of imprisonment for violating his supervised release. We disagree and AFFIRM his sentence.

## I. BACKGROUND

In March 2004, English pled guilty to a felony DUI at the Naval Air Station in Pensacola, Florida, in violation of Florida Statute § 316.193(2)(b) and 18 U.S.C. §§ 7 and 13. This was English's seventh DUI offense. Florida law prescribes that a conviction for a fourth or subsequent DUI is a felony in the third degree, subject to a maximum five-year term of imprisonment. See Fla. Stat. Ann. §§ 316.193(2)(b)3 and 775.083(3)(d) (2002). The district court sentenced English to the maximum term of 60 months of imprisonment, to be followed by three years of supervised release. As part of his supervised release terms, English was prohibited

2

from committing a federal, state, or local crime, and from consuming alcoholic beverages. He was also required to notify his probation officer within 72 hours of being arrested by a law enforcement officer.

In May 2009, English admitted violating his supervised release by: (1) committing a new violation of law; (2) failing to notify his probation officer within 72 hours of his arrest; and (3) consuming alcohol. At his revocation hearing, English acknowledged his alcohol problem and accepted responsibility for his actions. He asked that he be allowed to spend time with his mother, who was recently diagnosed with cancer. The government rebutted that this was English's eighth arrest for a DUI. The prosecutor also mentioned that English was under the influence of alcohol when he appeared in court in Alabama for the DUI charge.

Based on the parties' statements and the violation report, the court determined that English had violated the terms of his supervised release. The court stated that it had considered the factors in 18 U.S.C. § 3553(a) as well as the advisory guidelines. The court then imposed a sentence of 24 months of imprisonment with no supervision to follow. Despite his counsel's advice to the contrary, English objected to the sentence on grounds that the court did not have authority under the ACA to sentence him to any prison time since he had completed the state statutory maximum period of incarceration.

3

On appeal, English does <u>not</u> challenge the legality of his underlying 2004 sentence which imposed the three-year term of supervised release.[1]  Rather, he focuses on the sanction imposed for violating his supervised release.  He argues that the ACA bars federal courts from sentencing a defendant to imprisonment upon revocation of supervised release if that defendant has already served the maximum prison term authorized by state law.

## II.  DISCUSSION

We review <u>de novo</u> the application of the law to a sentence.  <u>United States v. Cenna</u>, 448 F.3d 1279, 1280 (11th Cir. 2006).  The ACA grants federal courts jurisdiction over state law violations that are not proscribed by any federal statute and that occur in the special maritime or territorial jurisdiction of the United States.  <u>See</u> <u>United States v. Gaskell</u>, 134 F.3d 1039, 1041 (11th Cir. 1998); 18 U.S.C. § 13.  "Prosecution under the ACA is for enforcement of federal law assimilating a state statute, not for enforcement of state law."  <u>Gaskell</u>, 134 F.3d at 1042.  The "like punishment" clause at issue provides:

---

[1] English previously challenged his 2004 sentence in a 28 U.S.C. § 2255 proceeding.  <u>See</u> <u>United States v. English</u>, Nos. 3:03cr126/LAC, 3:04cv454/LAC/MD, 2005 WL 5979630, at *1 (N.D. Fla. Oct. 27, 2005).  One of the issues raised was whether the court had authority to impose a three-year period of supervised release that, when combined with the 60-month term of imprisonment, exceeded the five-year statutory maximum term of incarceration.  <u>See id.</u> at *11.  Following established precedent, the district court held that "[t]he imposition of a term of supervised release to be served following the defendant's release from prison is not improper."  <u>Id.</u>  We denied a certificate of appealability.  <u>United States v. English</u>, No. 05-16522 (11th Cir. Mar. 1, 2006).  The United States Supreme Court denied certiorari in October 2006.

4

(a) Whoever within or upon any of the places now existing or hereafter reserved or acquired as provided in section 7 of this title, or on, above, or below any portion of the territorial sea of the United States not within the jurisdiction of any State, Commonwealth, territory, possession, or district is guilty of any act or omission which, although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State, Territory, Possession, or District in which such place is situated, by the laws thereof in force at the time of such act or omission, *shall be guilty of a like offense and subject to a like punishment.*

18 U.S.C. § 13(a) (2009). According to English, the ACA's mandate of "like punishment" bars a court from imposing a term of imprisonment upon revocation of supervised release if that defendant has already served the state's statutory maximum punishment. The only case English cites in support of his argument is the unpublished 1994 Fourth Circuit case of United States v. McCabe, 23 F.3d 404, 1994 WL 159455 (4th Cir. Apr. 29, 1994) (per curiam) (unpublished).[2] However, we must evaluate the ACA through the lens of our own precedent.

As a general matter, it is a "well-settled rule that a term of supervised release may be imposed *in addition to* the statutory maximum term of imprisonment." Cenna, 448 F.3d at 1281 (emphasis added). This is because federal policy dictates

---

[2] The defendant in McCabe was sentenced to an additional 12 months in prison for violating his supervised release after having served the statutory maximum 12-month term of imprisonment for a DUI. See McCabe, 1994 WL 159455, at *1. The Fourth Circuit confined its holding to the particular case before it: "Without deciding the larger question of whether the statutory maximum may *ever* be exceeded in the context of revocation of supervised release, we are of the opinion that the ACA limited the court's authority in this case to sentence McCabe to no more than a *total* of one year in prison." Id. at *3. McCabe has not been subsequently cited by any court.

5

that the term of a defendant's supervised release is "an independent part of the defendant's sentence." Id. at 1280; see also 18 U.S.C. § 3583(a) (granting courts the authority to include "as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment").

We have applied this general rule even in the context of an ACA conviction. See United States v. Burke, 113 F.3d 211 (11th Cir. 1997) (per curiam). In Burke, the defendant was sentenced to the statutory maximum of one year in prison followed by one year of supervised release for violating Maryland's DUI law under the ACA. See id. at 211. We agreed with the Fourth Circuit that the ACA does not limit the total term of imprisonment plus supervised release to the maximum term of incarceration authorized under the assimilated state law. See id. (citing United States v. Pierce, 75 F.3d 173, 178 (4th Cir. 1996)). Moreover, we expressly adopted the court's reasoning in Pierce. See id. The Fourth Circuit explained its rationale as follows:

> As previously noted, a federal court will not adopt provisions of state law that conflict with federal sentencing policy. If limited to the maximum term of imprisonment permitted by the state, a district court would not be able to impose an appropriate term of supervised release upon individuals it determined to be in need of postincarceration supervision, even though the crime was committed within an area of federal jurisdiction. Since under federal policy supervised release is considered distinct from incarceration and available in addition to any term of imprisonment, adopting Pierce's argument would create an ACA sentencing rule that conflicts with federal sentencing policy

6

regarding the imposition of supervised release. We refuse to sanction such an exception for ACA defendants. Consequently, we hold that under the ACA, the total sentence – a term of incarceration followed by supervised release – properly may exceed the maximum term of incarceration provided for by state law.

Pierce, 75 F.3d at 178.

As English points out, the defendant in Burke did not violate supervised release and was not sentenced to additional prison time that combined to exceed the assimilated statutory maximum period of incarceration. Consequently, Burke did not reach the exact issue presented in this case – whether a defendant, convicted under the ACA, can be sentenced upon revocation of supervised release to a term of imprisonment if the defendant has already served the statutory maximum incarceration period.

We have specifically addressed this issue in non-ACA cases. In United States v. Proctor, 127 F.3d 1311, 1313 (11th Cir. 1997) (per curiam), we concluded that the district court had the authority to sentence a defendant to one year in prison for violating his supervised release terms despite the fact that he had already served the maximum statutory prison term. The court's authority stemmed from 18 U.S.C. § 3583(e)(3), which "unambiguously grant[ed] the district court discretion in certain circumstances to revoke the term of supervised release and 'require the defendant to serve in prison all or part of the term of supervised release.'" Id.

7

(quoting 18 U.S.C. § 3583(e)(3)).  Depriving the court of that authority "would impair the deterrent mechanism which we feel was obviously intended by Congress."  Id. at 1314 (quotation marks and citation omitted).  Similarly, in Cenna, we rejected a federal prisoner's argument that her sentence was illegal because if she violated her supervised release, she would be subject to additional prison time beyond the statutory maximum term of imprisonment.  See Cenna, 448 F.3d at 1281.  In affirming her sentence, we cited a Second Circuit case for the proposition that the "'well-settled rule [is] that punishment for a violation of supervised release, when combined with punishment for the original offense, may exceed the statutory maximum for the underlying substantive offense.'"  Id. (quoting United States v. Wirth, 250 F.3d 165, 170 n.3 (2d Cir. 2001)).

The rationale underlying these cases applies with equal force to a conviction under the ACA.  Under Burke, courts have the authority to sentence a defendant convicted under the ACA to a combined term of imprisonment and supervised release that exceeds the maximum statutory term of incarceration.  See Burke, 113 F.3d at 211.  The primary function of supervised release is to provide post-imprisonment supervision over the defendant's rehabilitation.  See Gaskell, 134 F.3d at 1044.  When a defendant violates the terms of his release, the court has the authority to revoke supervised release and sentence the defendant to further

8

incarceration. See id.; 18 U.S.C. § 3583(e)(3). It would be illogical to grant courts the power to impose supervised release in excess of the statutory maximum term of incarceration, as we have in Burke, yet deny courts their authority under 18 U.S.C. § 3583(e)(3) to sanction a defendant's violation of his release terms by additional incarceration. Without such authority, supervised release would significantly lack "the deterrent mechanism which we feel was obviously intended by Congress." Proctor, 127 F.3d at 1314 (quotation marks and citation omitted).

Moreover, adopting English's argument "would create an ACA sentencing rule that conflicts with federal sentencing policy regarding the imposition of supervised release." Pierce, 75 F.3d at 178. The ACA's "like punishment" clause does not require the assimilation of state law provisions when they conflict with federal policy. See Gaskell, 134 F.3d at 1044 ("When assimilated state law provisions conflict with federal policy, federal policy controls."); accord United States v. Pate, 321 F.3d 1373, 1376 (11th Cir. 2003) ("State law is not assimilated for purposes of 18 U.S.C. § 13 if it conflicts with federal law."). Consequently, to the extent that 18 U.S.C. § 3583(e)(3) conflicts with Florida's statutory maximum term of incarceration, the federal law must trump. See Gaskell, 134 F.3d at 1040 (holding that "federal judges sentencing under the ACA may exceed the state statutory maximum term for a sentence of probation when necessary to effectuate

the policies behind the federal probation statutes"); Burke, 113 F.3d at 211 (affirming a sentence of imprisonment plus supervised release that exceeds the state maximum term); Pierce, 75 F.3d at 178 (emphasizing that, under the ACA, federal sentencing policy regarding supervised release overrides conflicting state law provisions regarding maximum terms of incarceration).

Based on the foregoing, we conclude that the ACA does not require an exception to the "well-settled rule that punishment for a violation of supervised release, when combined with punishment for the original offense, may exceed the statutory maximum for the underlying substantive offense." Cenna, 448 F.3d at 1281 (quotation marks and citation omitted). Accordingly, the district court did not violate the ACA's "like punishment" clause when it sentenced English to 24 months of imprisonment, pursuant to his revocation of supervised release, even though he had already served the state statutory maximum term of incarceration.

## III.  CONCLUSION

In sum, the district court possessed the authority under 18 U.S.C. § 3583(e)(3) to sentence English to a 24-month prison term for violating his supervised release terms despite his having served the maximum statutory prison term for his assimilated crime. We therefore AFFIRM English's sentence.

**AFFIRMED.**