[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 23, 2010
JOHN LEY
CLERK

Nos. 09-15604 and 09-15605
Non-Argument Calendar

_____

D. C. Docket Nos. 05-00349-CR-4-KOB-RRA,
05-00089-CR-4-KOB-PWG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEO CHARLES SEARCY, III,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Northern District of Alabama

_____

(April 23, 2010)

Before TJOFLAT, HULL and FAY, Circuit Judges.

PER CURIAM:

On January 30, 2006, the district court sentenced Leo Charles Searcy, III in two cases on pleas of guilty. In 05-cr-089, the court sentenced him to concurrent prison terms of 21 months on two counts of a ten-count indictment: Count 9, making false application for a loan, in violation of 18 U.S.C. § 1014, and Count 10, use of identification of another person with intent to commit a felony, in violation of 18 U.S.C. § 1028(a)(7). The court also required him to pay restitution in the sum of $7,500 to a bank. In 05–cr-00349, the court sentenced him to concurrent prison terms of 21 months on Counts 1 through 8 for use of identification of another person to commit a felony, in violation of 18 U.S.C. § 1028(a)(7), and required him to pay restitution to a credit union of $41,569. As part of the above sentences, the court imposed a 36 months' term of supervised release.

In August 2009, the district court's probation office petitioned the district court to revoke Searcy's supervised release, alleging that Searcy had violated four of the conditions of the supervised release, to-wit: he committed a crime, Theft by Deception; he failed to submit a truthful report to his probation officer within the first five days of each month; he failed to follow his probation officer's instructions; and he failed to satisfy the balance of his financial obligations

resulting from the sentences imposed. At his revocation hearing, Searcy admitted that he had violated the conditions of supervised release as alleged. Based on those admissions, the district court revoked his release. Finding that the Guidelines sentence range called for imprisonment for five to 11 months (based on conduct that constituted a Grade C violation and a criminal history category of III), the court sentenced Searcy to a prison term of 24 months, the maximum sentence allowed by statute for a Class C Felony. See 18 U.S.C. § 3583(e)(3). Searcy now appeals, arguing that the court abused its discretion by revoking his term of supervised release and sentencing him to a term in prison instead of imposing alternative confinement options. Searcy also contends that his sentence is substantively unreasonable.

## I.

"A district court's revocation of supervised release is reviewed under an abuse of discretion standard." *United States v. Frazier*, 26 F.3d 110, 112 (11th Cir. 1994). When we review a revocation hearing, "[a] district court's findings of fact are binding . . . unless clearly erroneous." *United States v. Almand*, 992 F.2d 316, 318 (11th Cir. 1993) (quotation omitted).

Before a district court can revoke a term of supervised release and impose a term of imprisonment, it must consider certain factors set forth in 18 U.S.C.

§ 3553(a).  *See* 18 U.S.C. § 3583(e), 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D),

(a)(4)-(7).  Section 3583(e) provides several alternative punishments for a violation

of a term of supervised release.  *United States v. Cenna*, 448 F.3d 1279,  1281

(11th Cir. 2006).  Specifically, § 3583(e)(3) allows a district court to

> revoke a term of supervised release, and require the defendant to serve
> in prison all or part of the term of supervised release authorized by
> statute for the offense that resulted in such term of supervised release
> . . . if the court . . . finds by a preponderance of the evidence that the
> defendant violated a condition of supervised release . . . .

Alternatively, a district court may "order the defendant to remain at his place of

residence during nonworking hours and . . . to have compliance monitored by

telephone or electronic signaling devices . . . ."  18 U.S.C. § 3583(e)(4).

After reviewing the record and the parties' briefs, we conclude that the

district court did not abuse its discretion in revoking Searcy's supervised release,

and therefore affirm the revocation.

## II.

We review a sentence imposed upon the revocation of supervised release for

reasonableness, *United States v. Sweeting*, 437 F.3d 1105, 1106-07 (11th Cir.

2006), and for abuse of discretion.  The "highly deferential" review for substantive

reasonableness does not involve the consideration of each decision made during

sentencing.  *United States v. Dorman,* 488 F.3d 936, 938 (11th Cir. 2007).  Instead,

4

it requires a review of only the final sentence for reasonableness in light of the 18 U.S.C. § 3553(a) factors.  *Id.*  Those factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment, adequately deter criminal conduct, protect the public, and provide the defendant with needed correctional treatment; (3) the kinds of available sentences; (4) the Guidelines sentence range, including policy statements of the Guidelines in the case of probation or supervised release violations; (5) any other pertinent policy statements of the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities; and (7) the need for restitution to victims.  *See* 18 U.S.C. § 3353(a); *United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005).  The weight given to each factor is "a matter committed to the sound discretion of the district court."  *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) (quotation omitted).

We have recognized that "there is a range of reasonable sentences from which the district court may choose."  *Talley*, 431 F.3d at 788.  With respect to sentences imposed outside the applicable guideline range, the district court must "ensure that the justification is sufficiently compelling to support the degree of the variance."  *Gall v. United States*, 552 U.S. 38, 50, 128 S.Ct. 586, 597, 169 L.Ed.2d

5

445 (2007).  We may "consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance."  *Id.* at 51, 128 S.Ct. at 597.  The fact that we "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal" of the district court.  *United States v. Shaw*, 560 F.3d 1230, 1238 (11th Cir.) (quotation omitted), *cert. denied,* 129 S.Ct. 2847 (2009).  Accordingly, we

> may vacate a sentence because of the variance only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case.

*Id.* (quotation omitted).

The district court did not abuse its discretion in weighing the § 3553(a) sentencing factors to determine Searcy's prison sentence.  Further, since the district court evidenced its consideration of the § 3553(a) sentencing factors and adequately expressed a compelling justification for a sentence above the Guidelines sentence range, we defer to that decision.  *See Gall,* 552 U.S. at 50, 128 S.Ct. at 597.  Accordingly, the sentence was substantively reasonable.

AFFIRMED.