[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-14258
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 19, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:09-cr-20713-PAS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TONY CURTIS COMARTIE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 19, 2011)

Before CARNES, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

In August 2009 Tony Curtis Comartie was convicted of one count of simple

possession of marijuana in violation of 21 U.S.C. § 844, and he was sentenced to 5

years probation for that conviction in January 2010.  Six months later, on petition

from the United States Probation Office, the district court issued a warrant for his

arrest for alleged violations of his probation.  After a hearing the district court

found that Comartie had violated the terms of his probation and revoked his

probation.  Upon revocation, the court sentenced him to a 12-month term of

imprisonment, which was the statutory maximum for a conviction under 21 U.S.C.

§ 844, and 1 year of supervised release.

Comartie appeals the district court's imposition of the 1-year term of

supervised release upon revocation of his probation.  He contends that 18 U.S.C. §

3583(h), which applies only to revocations of supervised release, should be

applied by analogy to his revocation of probation.[1]  He argues that if § 3583(h) is

applied to his case the district court lacked jurisdiction upon revocation of his

probation to impose the 1-year term of supervised release on top of his term of

---

[1] 18 U.S.C. § 3583(h) provides that:

When a term of supervised release is revoked and the defendant is required to serve
a term of imprisonment, the court may include a requirement that the defendant be
placed on a term of supervised release after imprisonment.  The length of such a term
of supervised release shall not exceed the term of supervised release authorized by
statute for the offense that resulted in the original term of supervised release, less any
term of imprisonment that was imposed upon revocation of supervised release.

Id.

2

imprisonment because 12 months imprisonment was the statutory maximum for a violation of 21 U.S.C. § 844. See 18 U.S.C. § 3583(h).

Because Comartie did not raise that issue in the district court, we review only for plain error, and we will not reverse "unless there is: (1) error, (2) that is plain, . . . (3) that affects substantial rights . . . [and] (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005) (quotation marks and citation omitted).

18 U.S.C. § 3565(a)(2), which governs revocation of probation, provides that:

> If the defendant violates a condition of probation at any time prior to the expiration . . . of the term of probation, the court may, after a hearing . . . and after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable— . . . revoke the sentence of probation and resentence the defendant under subchapter A.

Id. (emphasis added).[2] When resentencing upon revocation of probation, the district court "can order supervised release in addition to the maximum term of imprisonment available by statute [because] § 3583(a) allows the district court to include supervised release as part of the sentence, not as part of the

---

[2] Subchapter A refers to the general provisions under Title 18 for sentencing criminal defendants who are convicted of federal offenses. See 18 U.S.C. §§ 3551–59.

imprisonment." United States v. Jenkins, 42 F.3d 1370, 1371 (11th Cir. 1995).

Accordingly, a "district court [does] not err in ordering supervised release under

18 U.S.C. § 3583(a) in addition to the maximum term of imprisonment available

by statute." Id.; see also United States v. Cenna, 448 F.3d 1279, 1280–81 (11th

Cir. 2006).

Comartie's argument, which is based on his assertion that § 3583(h) should

be applied to his revocation of probation fails because that section governs only

the revocation of supervised release originally imposed following a term of

imprisonment. See 18 U.S.C. § 3583(a), (h). Comartie was not originally

sentenced to a term of imprisonment with supervised release. Because his original

sentence for his 2009 conviction was only for a term of probation, § 3565(a)(2) is

the applicable provision. The district court had the authority to impose a 1-year

term of supervised release under 18 U.S.C. §§ 3565(a)(2) and 3583(a) in addition

to the 12-month term of imprisonment available upon resentencing under 21

U.S.C. § 844. There was no error, much less plain error.

**AFFIRMED.**