[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-14369
Non-Argument Calendar

_____

D.C. Docket No. 2:15-cr-00017-MHT-KFP-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL ALBERT FOCIA,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(May 20, 2021)

Before JORDAN, ROSENBAUM, and GRANT, Circuit Judges.

PER CURIAM:

Michael Albert Focia, proceeding *pro se*, brings this appeal after the district court revoked his supervised release and sentenced him to nine months in prison. *See* 18 U.S.C. § 3583(e)(3).  He raises manifold constitutional and legal challenges to the revocation proceedings, none of which have merit.  We therefore affirm.

**I.**

In June 2015, a federal jury found Focia guilty of three offenses involving the unlicensed sale of firearms.  *See* 18 U.S.C. § 922(a)(1)(A), (5).  In December 2015, the district court sentenced him to a total of 51 months in prison, to be followed by three years of supervised release.  We affirmed Focia's convictions and sentence on appeal.  *United States v. Focia*, 869 F.3d 1269 (11th Cir. 2017).

On October 18, 2018, a probation officer petitioned the district court to revoke Focia's supervised release for failure to report to the probation office as ordered after he was released from prison on October 5, 2018.  The district court ultimately revoked Focia's supervised release on December 18, 2018, imposing a sentence of six months in prison to be followed by two years of supervised release.

Focia was released from prison a second time on May 21, 2019.  Nearly a year later, on April 21, 2020, a probation officer again petitioned the district court to revoke his supervised release.  According to the probation officer, Focia had refused to answer questions on his monthly supervision report or provide any information about his employment, both of which were conditions of his release.  The court set

a hearing and issued a summons for Focia to appear.  When the U.S. Marshals attempted to serve the summons at Focia's residence, however, they discovered he had moved out without providing the notice required by the conditions of his release.  The district court permitted the probation officer to amend the revocation petition to include that new violation, and it issued a warrant for Focia's arrest.

After his arrest, Focia appeared in front of a magistrate judge in the Southern District of Mississippi on August 31, 2020.  The magistrate judge described the violations alleged in the petition, gave Focia a copy of the petition, and informed him of his right to counsel.  Focia elected to proceed *pro se*.  After hearing testimony from government witnesses, one of whom Focia cross-examined, the magistrate judge found that there was sufficient evidence to believe that Focia had violated his probation and ordered him detained and returned to the Middle District of Alabama, the district where he was originally convicted and sentenced.

The district court held a final revocation hearing on November 12, 2020, in a holding cell at the jail because Focia refused to wear a mask as required by court rules because of the COVID-19 pandemic.  Focia, proceeding *pro se* with stand-by counsel, objected to the proceedings being held there and to being handcuffed, which he said violated the presumption of innocence.  The court noted that he could simply wear a mask, but he refused.  So it continued with the hearing.

The government called Focia's probation officer to testify as to his alleged violations of the conditions of release, and it offered evidence of his refusal to answer questions on the monthly supervision reports. Focia testified in his defense, admitting that he did not cooperate with the probation officer but claiming that it was against his sincerely held religious beliefs. He also raised or renewed various other objections to the validity of the revocation proceedings, many constitutional and some purportedly based in "contract."[1]

The district court sustained the three violations, citing the government's evidence and Focia's testimony, and overruled Focia's objections. The guideline range was three to nine months in prison, and the government recommended nine months with no supervision to follow. Focia objected that the maximum sentence was three months because, in his view, the 60-month statutory maximum penalty for his underlying convictions capped the total amount of time he could serve in relation to this case. The court rejected Focia's understanding of the effect of the statutory maximum, revoked his supervised release, and sentenced him to nine months in prison with no supervised release to follow. Focia now appeals.

**II.**

---

[1] Focia espouses views consistent with those of so-called "sovereign citizens," "who believe they are not subject to the jurisdiction of the courts." *United States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013). Courts have "rejected their legal theories as frivolous." *Id.*

We review *de novo* legal and constitutional challenges to a sentence imposed upon revocation of supervised release. *United States v. Cunningham*, 607 F.3d 1264, 1266 (11th Cir. 2010); *United States v. Pla*, 345 F.3d 1312, 1313 (11th Cir. 2003).

In general, sentencing courts may "include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment." 18 U.S.C. § 3583(a). Supervised release "may be imposed *in addition to* the statutory maximum term of imprisonment." *United States v. English*, 589 F.3d 1373, 1376 (11th Cir. 2009) (quoting *United States v. Cenna*, 448 F.3d 1279, 1281 (11th Cir. 2006)) (emphasis in *English*). If a defendant violates the conditions of his release, the court may "revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release." 18 U.S.C. § 3583(e)(3). Upon imposing a revocation sentence, the court may also impose a new "term of supervised release after imprisonment," subject to limitations. 18 U.S.C. § 3583(h).

## III.

Focia offers a scattershot collection of legal and constitutional assertions. For clarity, we attempt to group his claims around common themes.

## A.

First, Focia claims that his nine-month sentence is illegal because, when combined with the underlying prison sentence and the prior revocation sentence, it

5

exceeds the 60-month statutory maximum sentence for his crimes. In his view, the supervised-release hearing "infringe[d] the *ex post facto* clause" by allowing "perpetual supervised release" for a crime with a maximum sentence of 60 months. He also suggests that the court violated "fair notice," "separation of powers," and "double jeopardy" by sentencing him beyond the 60 months Congress authorized.

These arguments are misguided. "Federal law, 18 U.S.C. § 3583(e), allows the reimprisonment of defendants who violate conditions of supervised release even when they were initially sentenced to the statutory maximum term." *Andrews v. Warden*, 958 F.3d 1072, 1080 (11th Cir. 2020); *see also United States v. Proctor*, 127 F.3d 1311, 1313 (11th Cir. 1997). Thus, Focia's nine-month revocation sentence is lawful even if that sentence, combined with the time he previously served, exceeded the statutory maximum for the underlying firearms offenses.[2]

More broadly, Focia's *ex post facto* challenge fails because the district court did not apply any law retroactively, let alone one that raised the penalty for his conduct. *See Johnson v. United States*, 529 U.S. 694, 1800 (2000) (stating that an *ex post facto* violation occurs if a law operates retroactively and "raises the penalty from whatever the law provided when he acted"). The relevant law that applied when Focia violated the conditions of his supervised release, or even when he was

---

[2] While largely beside the point, we note that Focia was convicted of three offenses, each carrying a statutory maximum of 60 months in prison. So, technically, the statutes of convictions authorized a total sentence of up to 180 months in prison, well beyond what Focia will serve.

originally sentenced in 2015, has not changed. And it plainly authorized the district court to both impose a new term of supervised release after the initial revocation, and to reimprison Focia, even in excess of the underlying statutory maximum, upon revoking his release a second time.[3] *See* 18 U.S.C. §§ 3583(e), 3583(h); *Andrews*, 958 F.3d at 1080. We therefore reject Focia's "fair notice" and "separation of powers" arguments as well. Finally, a revocation sentence does not violate the Double Jeopardy Clause because it is not a "successive punishment" for the same offense, *United States v. Woods*, 127 F.3d 990, 991 (11th Cir. 1997), but rather a "part of the penalty for the initial offense," *Johnson*, 529 U.S. at 1800; *see also United States v. Whitney*, 649 F.2d 296, 298 (5th Cir. June 1981) (declining "to extend the double jeopardy clause to parole and probation revocation proceedings").

## B.

Second, Focia challenges the district court's handling of the supervised-release proceedings. He contends that the court violated due process by failing to hold a preliminary hearing, to inform him of the nature of the charges, and to allow

---

[3] Focia's concern about "perpetual supervised release" is misplaced. It's not a relevant concern here because the district court declined to impose an additional term of supervision. Also, terms of supervised release have their own statutory maximums, *see* 18 U.S.C. § 3583(b), and in cases of repeat terms of supervised release, the court must subtract from the relevant maximum any prison time served for a revocation sentence. *See* 18 U.S.C. § 3583(h) (stating that the length of a term of supervised release following a revocation sentence "shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.").

him to "present evidence in private chambers that would have closed the case." He further asserts that the court violated the Speedy Trial Act, his right to a public jury trial, his confrontation rights, and his presumption of innocence.

The Supreme Court has held that a defendant facing revocation of parole is entitled to certain minimal due-process protections, including the following: (1) written notice of the claimed violations; (2) disclosure of the evidence against him; (3) an opportunity to be heard in person, and to present witnesses and documentary evidence; (4) the right to confront and cross-examine adverse witnesses; (5) a neutral and detached hearing body; and (6) "a written statement by the factfinders as to the evidence relied on and reasons for revoking parole." *Morrissey v. Brewer*, 408 U.S. 471, 488–89 (1972). We have held that the *Morrissey* requirements also apply to the revocation of supervised release, *United States v. Copeland*, 20 F.3d 412, 414 (11th Cir. 1994), and these protections have been incorporated into Fed. R. Crim. P. 32.1, *see United States v. Frazier*, 26 F.3d 110, 114 (11th Cir. 1994).

Here, Focia's revocation proceedings satisfied due process and Rule 32.1. The record shows, among other things, that (a) Focia received written notice of the charges at the preliminary hearing following his arrest in Mississippi; (b) Focia was informed of his right to counsel and elected to proceed *pro se*; (c) he was detained pending the final hearing based on evidence presented at the preliminary hearing, at which he was present and able to cross-examine witnesses; (d) he appeared in person

8

for the final revocation hearing, was again informed of the charges, and was able to cross-examine the government's witnesses and present evidence in his defense; and (e) the district court explained its reasons for revoking his supervised release based on evidence presented at the hearing. Focia has no right to "present evidence in private chambers," nor does he explain how this evidence "would have closed the case." And given Focia's refusal to wear a mask in court, as required by court rules, we see no constitutional violation in the court's decision to hold the hearing in the jail's holding cell to accommodate Focia's sincerely held religious beliefs.[4]

In demanding protections beyond what he was afforded, Focia improperly treats revocation proceedings as equivalent to a criminal trial. But in *Cunningham*, we held that § 3583(e)(3), the provision governing revocation proceedings, does not violate the Fifth Amendment right to due process or the Sixth Amendment right to a jury trial. 607 F.3d at 1268. "[T]he violation of supervised release need only be proven by a preponderance of the evidence, and there is no right to trial by jury in a supervised release revocation hearing." *Id.* Because Focia "was properly accorded the limited procedural safeguards to which he was entitled under § 3583(e)(3)," *id.*, we reject his arguments relating to the conduct of the proceedings.

---

[4] That Focia was handcuffed at the hearing, which took place at the jail, does not present a constitutional concern in this case because a defendant can be shackled for security reasons and Focia was not seen by a jury. *See Deck v. Missouri*, 544 U.S. 622, 626–29 (2005) (recognizing that shackling a defendant in front of a jury during the guilt phase of a trial violates a defendant's due process rights and presumption of innocence absent any special need for the shackles).

9

**C.**

Finally, Focia suggests that supervised release unconstitutionally restrains his freedom and privacy. In Focia's view, the conditions of his supervised release infringed his First Amendment rights, his rights to privacy, and his right to be free from slavery and from cruel and unusual punishment.

Of course, it's true that supervised release limited Focia's freedom and privacy, but that alone does not make it unlawful, despite what he may believe. Focia did not stand in the shoes of an ordinary citizen. He had already been convicted of several crimes, which we affirmed on appeal; he was lawfully sentenced to supervised release following his prison term; and upon his release he "was granted only conditional liberty, the existence of which depend[ed] on [Focia's] observation of the limits of his supervised release." *Cunningham*, 607 F.3d at 1268. He was not entitled to disregard the conditions of his release without consequence simply because he disagreed with them. And the conditions Focia violated were relatively minor reporting requirements; they were not "more onerous than prison" or comparable to "involuntary servitude," as he asserts.

**IV.**

In sum, we affirm the district court's revocation of Focia's supervised release and the nine-month revocation sentence.

**AFFIRMED**.

10