**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 18 2004**

**PATRICK FISHER**
**Clerk**

PUBLISH

### UNITED STATES COURT OF APPEALS

### TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

SUSAN MARIE WOOD,

     Defendant-Appellant.

No. 03-5188

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA
(D.C. No. 03-CR-76-C)**

---

David E. O'Meilia, United States Attorney, and Melody Noble Nelson, Assistant United States Attorney, Tulsa, Oklahoma, for Plaintiff-Appellee.

Jack Marwood Short, Tulsa, Oklahoma, for Defendant-Appellant.

---

Before **BRISCOE**, **BALDOCK**, and **TYMKOVICH**, Circuit Judges.[*]

---

**BALDOCK**, Circuit Judge.

---

     [*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). This case is therefore submitted without oral argument.

The question presented in this appeal is whether the United States Sentencing Guidelines or generally-applicable state sentencing laws apply when a defendant is convicted under the Indian Major Crimes Act (IMCA) where state law defines the elements of the crime and range of punishment. The IMCA, 18 U.S.C. § 1153, provides in relevant part:

> (a) Any Indian who commits against the person or property of another Indian or other person any of the following offenses, namely, . . . burglary . . . within Indian country, shall be subject to the same law and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States.

> (b) Any offense referred to in subsection (a) of this section that is not defined and punished by Federal law in force within the exclusive jurisdiction of the United States shall be defined and punished in accordance with the laws of the State in which such offense was committed as are in force at the time of such offense.

We exercise jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). Reviewing the district court's application of the Guidelines de novo, United States v. Gatewood, 370 F.3d 1055, 1059 (10th Cir. 2004), we affirm and hold the Guidelines require imposition of a sentence between the minimum and maximum sentences state law establishes for that particular crime.

I.

Defendant Susan Wood, a Native American, pled guilty to one count of second degree burglary in Indian Country in violation of the IMCA. Federal law assimilates the crime's definition and punishment as set forth in "the laws of the State in which

2

such offense was committed" because burglary is a crime "not defined and punished by Federal law." 18 U.S.C. § 1153(b). The assimilated state law, in effect, becomes federal law, transforming a crime against the state into a crime against the Federal Government. See United States v. Male Juvenile, 280 F.3d 1008, 1018 (9th Cir. 2002). In Oklahoma, where the offense was committed, second degree burglary is punishable by imprisonment "not exceeding seven (7) years and not less than two (2) years." 21 Okla. Stat. § 1436(2).

The Presentence Report set Defendant's offense level at 4 and criminal history category at II. This resulted in a sentencing guideline range of 0-6 months imprisonment, or less than the two year minimum sentence provided for by Oklahoma state law. Defendant argued at sentencing the district court had discretion to suspend her sentence and impose a period of probation pursuant to 22 Okla. Stat. § 991a. Section 991a generally provides for the suspension of judgments and sentences in Oklahoma. The district court ruled it lacked discretion to suspend Defendant's sentence under the Guidelines because federal law assimilated only the range of punishment between the minimum and maximum sentences set forth in the Oklahoma second-degree burglary statute.[1] Because the guideline range fell below the minimum sentence

---

[1] Although the indictment charged Defendant under the IMCA, the district court erroneously based its sentencing decision on the Assimilative Crimes Act (ACA), 18 U.S.C. § 13. The error, however, was harmless because the sentencing procedure is the same under both the IMCA and ACA. See infra n.2.

3

set forth in 21 Okla. Stat. § 1436(2), the district court sentenced Defendant to two years imprisonment.  See U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.").  Defendant appealed.

II.

A district court must sentence any defendant found guilty of violating a federal criminal statute, including the IMCA, in accordance with the Guidelines.  18 U.S.C. § 3551(a); see also U.S.S.G. 2X5.1, comment. (backg'd).[2]  Defendant essentially asks us to disregard the Guidelines, asserting the IMCA assimilates the entirety of Oklahoma sentencing laws, including 22 Okla. Stat. § 991a.  We reject Defendant's argument because, when sentencing defendants for assimilated crimes, federal courts have consistently declined to assimilate state sentencing laws if such laws conflict with

---

[2]  Under § 3551(a), "a defendant who has been found guilty of an offense described in any Federal statute, *including sections 13 and 1153 of [Title 18]*, . . . shall be sentenced in accordance with the provisions of this chapter [i.e., 18 U.S.C. §§ 3551-3586] . . . ." (emphasis added).  See Criminal Control Act of 1990, Pub. L. No. 101-647, § 1602, 104 Stat. 4789, 4843 (1990).  Section 3553(b) of the same chapter directs the imposition of a criminal sentence in accordance with the Guidelines.  The Assimilative Crimes Act (ACA), 18 U.S.C. § 13, provides federal courts with jurisdiction over crimes committed in federal enclaves.  Both the ACA and the IMCA adopt state or territorial law to define crimes and punishments where no federal definitions exist.  Both the ACA and IMCA are "gap-filling" statutes.  See Male Juvenile, 280 F.3d at 1018.  Because of the similarities between the two statutes, courts have found cases interpreting the "assimilating provisions" of the ACA helpful in cases involving the same provisions of the IMCA.  See id. at 1018-1019, 1024-25.  We too rely on such cases where applicable.

the Guidelines and their underlying policies.  See, e.g., United States v. Pate, 321 F.3d 1373, 1376 (11th Cir. 2003) (citing cases).  Because the Guidelines deny a district court the discretion to suspend a sentence of imprisonment, that option is unavailable to defendants convicted of violating the IMCA and sentenced in accordance with the Guidelines.  See 18 U.S.C. § 3551(a).

Consistent with this view, the Eighth Circuit has interpreted the IMCA "to require only that the sentence imposed for burglary fall within the minimum, if any, and maximum established by state law. . . .  Within that range, the sentence should be calculated according to the Federal Sentencing Guidelines."  United States v. Norguay, 905 F.2d 1157, 1161 (8th Cir. 1990); see also United States v. Martinez, 274 F.3d 897, 906 (5th Cir. 2001) (recognizing the Circuits "unanimously agree that [for assimilated crimes] state sentencing ranges should set the minimum and maximum length for federal prison sentences").  In reaching its decision, the Eighth Circuit relied heavily on our decision in United States v. Garcia, 893 F.2d 250, 254 (10th Cir. 1989), in which we held the Assimilative Crimes Act, 18 U.S.C. 13(a), "requires courts to impose sentences for assimilative crimes that fall within the maximum and minimum terms established by state law."  See supra n.2.  Thus, the Eighth Circuit rejected the argument that incorporation of state law into § 1153 required a federal court to follow "'every last nuance of the sentence that would be imposed in state court.'"  Norquay, 905 F.2d at 1162 (quoting Garcia, 893 F.32d at 254).  So do we.

5

III.

In this case, the district court properly ruled the IMCA assimilated only the range of punishment between the minimum and maximum sentences set forth in 21 Okla. Stat. § 1436(2). Under § 1436(2), Defendant's offense was punishable by imprisonment between two and seven years. Because the maximum of Defendant's guideline range fell below the minimum of her statutory range, the district court properly sentenced Defendant to the two year minimum. See U.S.S.G. § 5G1.1(b).

AFFIRMED.